UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL WELCH,

        Plaintiff,

v.

STATE OF NEVADA, *et al.*,

        Defendants.

2:11-cv-02111-MMD -VCF

**O R D E R**

Before the court is defendants' Motion for Stay of Discovery Scheduling Requirements. (#17)[1]. On June 1, 2012, the court issued a minute order setting a briefing schedule for the motion. (#18). Any Opposition was due on June 11, 2012, and any Reply was due June 15, 2012. *Id.* No Opposition has been filed.

**Background**

On January 20, 2012, the court granted plaintiff Welch's motion/application to proceed *in forma pauperis* (#4), and the clerk filed plaintiff's complaint (#5). Summons were returned executed for the State of Nevada on March 14, 2012 (#8), for the District Attorney for Child Support and Cynthia Steel on March 27, 2012 (#9), and for Gail Hewlett on April 4, 2012 (#10). On April 13, 2012, defendants filed motions to dismiss. (#12 and #13). Oppositions to the motions to dismiss were due by April 30, 2012. *Id.* The discovery plan and scheduling order was due by May 28, 2012. *Id.* Plaintiff Welch did not file oppositions to the motions to dismiss and no discovery plan and scheduling order was filed. On May 29, 2012, defendants filed a motion for ruling on the motions to dismiss (#16) and the instant

---

[1] On May 29, 2012, defendants filed a document titled "Request For Ruling on Motions to Dismiss and Request for Stay of Discovery Scheduling Requirements." (#16). On May 30, 2012, the clerk separated the documents into two docket entries (#16 and #17), as the defendants sought two forms of relief. The motion to stay discovery scheduling requirements (#17) is referred to the undersigned magistrate judge.

motion for stay of discovery scheduling requirements (#17).

**Motion For Stay**

Defendants assert that this court should stay the discovery requirements in this action, as the pending motions to dismiss properly assert defendants' immunity from suit, and a defendant immune from suit is also immune from the "disruptive effect of discovery." (#16). Defendants assert that until the court "resolves the issue of immunity, discovery should not be allowed." *Id; Gaines v. Davis,* 928 F.2d 705, 707 (5th Cir. 1991)("...Courts have an obligation to carefully scrutinize a plaintiff's claim before subjecting public officials to broad-reaching discovery."). Defendants argue that "[p]articipation in discovery prior to a ruling on those motions would constitute an undue burden or expense on the defendant public officials, which burden and expense immunity is intended to prevent." *Id.*

Plaintiff did not file an opposition to defendants' motion to stay discovery (#17). As a failure to file points and authorities in response to a motion shall constitute a consent to the granting of the motion, granting defendants' motion is warranted. *See* Local Rule 7-2(d). Local Rule 26-1(d) states that "[c]ounsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears." There is no evidence that plaintiff Welch attempted to hold a scheduling conference after the defendants filed the motions to dismiss (#12 and #13), and plaintiff has not appeared in this action since April 4, 2012 (#11). *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that pro se parties are not excused from following the rules and orders of the court).

The court finds that forcing the parties to engage in discovery in an action where the plaintiff has not appeared for two months and has not filed oppositions to motions to dismiss, would waste time and resources of the parties and would unnecessarily subject possibly immune public officials to broad-reaching discovery. *See* Federal Rule of Civil Procedure 1 (stating that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Gaines,* 928 F.2d at 707.

2

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion for Stay of Discovery Scheduling Requirements (#17) is GRANTED.

IT IS FURTHER ORDERED that discovery in this action is STAYED pending further order from this court. Within fifteen (15) days from the entry of the court's rulings on defendants' motions to dismiss (#12 and #13), the remaining parties shall hold a Rule 26(f) conference and file a discovery plan and scheduling order pursuant to LR 26-1(d).

DATED this 18th day of June, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3