UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL WELCH,<br><br>              Plaintiff,<br><br>   v.<br><br>STATE OF VEVADA, et. al.,<br><br>             Defendant. | Case No. 2:11-cv-02111-MMD-VCF<br><br>ORDER |

Before the Court is Defendants State of Nevada ("Nevada") and District Attorney for Child Support's ("District Attorney") Motions to Dismiss (dkt nos. 12 & 13) filed on April 13, 2012. Plaintiff Michael Welch has not opposed these Motions, despite this Court's Order giving Plaintiff additional time until June 29, 2012, to respond (dkt no. 20). For the reasons that follow, the Motions to Dismiss will be granted. Plaintiff's Complaint will be dismissed without prejudice.

**I.    BACKGROUND**

This lawsuit was filed pro se on December 29, 2011. Plaintiff's complaint alleges a number of causes of action relating to the alleged bias and improper performance of judicial duties of Nevada District Court Judge Cynthia Dianne Steel. Nevada and District Attorney each filed a Motion to Dismiss the Complaint on April 13, 2012. Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen (14) days after service of the Motion to file a Response; therefore, Plaintiff had until April 30, 2012, to file a Response. Plaintiff failed

to file any Response at all. On May 29, 2012, District Attorney filed a Motion for Ruling on Motions to Dismiss. On June 22, 2012, this Court issued a Minute Order giving Plaintiff additional time, until June 29, 2012, to respond. Plaintiff failed to do so.

## II.     DISCUSSION

Local Rule 7–2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7–2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995); *see, e.g.*, *Roberts v. United States of America*, No. 01-1230, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, No. 07-01541, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).

In addition to factors one and two, the fifth factor also does not weigh in favor of Plaintiff. It does not appear that this case will be decided on the merits, since Plaintiff has failed to respond, even though the due date was approximately two months ago, notwithstanding notice of the filing deadline and additional time to respond. Though this resolution is a drastic outcome and although public policy generally favors disposing of a case on the merits, the remaining three factors weigh in favor of dismissal. On balance, this Court believes dismissal is appropriate.

///

### III. CONCLUSION

Accordingly, good cause appearing,

IT IS ORDER that Defendants' Motions to Dismiss (dkt. nos. 12 & 13) are GRANTED. Plaintiff's complaint is DISMISSED without prejudice.

DATED THIS 2nd day of July 2012.

_____
UNITED STATES DISTRICT JUDGE