UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL WELCH,

        Plaintiff,

v.

STATE OF NEVADA, *et al.*,

        Defendants.

2:11-cv-02111-MMD -VCF

**REPORT & RECOMMENDATION**

Before the court is the matter of *Welch v. State Of Nevada, et al* (Case No. 2:11-cv-02111-MMD -VCF).

**BACKGROUND**

On January 20, 2012, the court granted plaintiff Welch's motion/application to proceed *in forma pauperis* (#4), and the clerk filed plaintiff's complaint (#5). Summons were returned executed for the State of Nevada on March 14, 2012 (#8), for the District Attorney for Child Support and District Court Judge Cynthia Steel on March 27, 2012 (#9), and for Gail Hewlett on April 4, 2012 (#10). On April 13, 2012, defendants District Attorney for Child Support, State Of Nevada, and Judge Cynthia Dianne Steel (hereinafter "State Defendants") filed motions to dismiss. (#12 and #13). Oppositions to the motions to dismiss were due by April 30, 2012. *Id.* The discovery plan and scheduling order was due by May 28, 2012. *Id.* Plaintiff Welch did not file oppositions to the motions to dismiss and no discovery plan and scheduling order was filed. On May 29, 2012, the State Defendants filed a motion for ruling on the motions to dismiss (#16) and a motion for stay of discovery scheduling requirements (#17).

On June 19, 2012, the court granted the motion for stay of discovery (#17), and held that "discovery in this action is STAYED pending further order from this court. Within fifteen (15) days

from the entry of the court's rulings on defendants' motions to dismiss (#12 and #13), the remaining parties shall hold a Rule 26(f) conference and file a discovery plan and scheduling order pursuant to LR 26-1(d)." (#19). On June 22, 2012, the court entered a minute order directing plaintiff to file a response to the motions to dismiss (#12 and #13) by June 29, 2012. (#20). Plaintiff did not file a response. On July 2, 2012, the court granted the State Defendants' motions to dismiss (#12 and #13). (#21). The clerk entered judgment against the plaintiff on July 2, 2012. (#22).

On July 3, 2012, the court entered a minute order stating that "the STAY is hereby LIFTED. On or before July 20, 2012, plaintiff Welch and defendant Hewlett shall hold a Rule 26(f) conference and file a discovery plan and scheduling order pursuant to LR 26-1(d). Failure to do so may result in sanctions, including the dismissal of plaintiff's remaining claims with prejudice." (#23). No discovery plan and scheduling order was filed. On July 24, 2012, the court entered a minute order scheduling a status conference for August 1, 2012. (#24). On August 1, 2012, the court held the status conference, and neither plaintiff nor defendant Hewlett appeared. (#25).

## DISCUSSION

**I.    Grounds for Dismissal**

    **A.    Failure to Prosecute**

        **1. Relevant Law**

Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The trial court has "a broad discretion in the matter of dismissing an action for want of diligent prosecution." *Schmidt v. Wallenius Line,* 455 F.2d 1088 (9th Cir. 1972). The court may also dismiss a complaint for failure to comply with court orders. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992).

Under Rule 41(b), the court must consider the following five factors before dismissing an action for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik,* 963 F.2d at 1260-1. As discussed below, these factors weigh in favor of dismissing plaintiffs' complaint.

### 2. Discussion

Plaintiff commenced this action on December 29, 2011 (#1), and, with the exception of complying with the court's screening order (#4) regarding serving the defendants (#6, #8, #9, and #10) and filing a change of address on February 28, 2012 (#7), plaintiff has taken no action to pursue his claims. Even after the court provided plaintiff additional time (#20), plaintiff did not file an opposition to the motions to dismiss (#12 and #13). It is not in the interest of the public or the court to permit plaintiffs to "file-and-forget" or to have such cases sitting dormant on the court's docket. The first two factors weigh in favor of dismissal. *Ferdik,* 963 F.2d at 1260-1.

Since plaintiff has essentially abandoned this action, plaintiff has caused undue delays. Defendant Hewlett, if she appears to answer or defend, will not be able proceed with this action without plaintiff's participation, and will be prejudiced. *See Am. Exp. Partners, LLC. v. Inman,* No. CV 04-1431 CBM (MANx), 2005 U.S. Dist. LEXIS 46686, at *6-7 (C.D. Cal. Oct. 12, 2005)(citation omitted)("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."); *Vaughn v. U.S.*, No. CV-S-97-1695-DWH (LRL), 1999 U.S. Dist. LEXIS 2297, at *8 (D. Nev. Feb. 1, 1999) (citation omitted)(holding that "[u]nreasonable delay creates a presumption of injury to the defense."). The third factor weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1260-1.

It is highly unlikely that this action will be resolved on its merits. Plaintiff has not initiated a Rule 26(f) conference or the filing of a discovery plan and scheduling order, has not opposed dispositive motions (#12 and #13), has not appeared in this action for several months, and has continuously failed to comply with court orders (#23 and #24). The fourth factor weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1260-1. On July 3, 2012, the court warned plaintiff that the failure to hold a Rule 26(f)

conference and to file a discovery plan and scheduling order "may result in sanctions, including the dismissal of plaintiff's remaining claims with prejudice." (#23).   Plaintiff did not comply with the court's order despite this warning, and did not appear at a court scheduled status conference (#24). (#25). Less drastic sanctions are not appropriate, and the last factor weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1260-1.   The court should dismiss plaintiff's remaining claims for failure to prosecute. *Id; Schmidt,* 455 F.2d 1088.  Even if plaintiff were diligently prosecuting his remaining claims, the court should dismiss the complaint for lack of Federal Jurisdiction.

      **B.**      **Federal Jurisdiction**

           **1. Relevant Law**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).   The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*   Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  The court may "decline to exercise supplemental jurisdiction over a claim under subsection (a) if. . .the district court has dismissed all claims over which it has original jurisdiction. . ." 28 U.S.C. § 1367(c)(3).

. . .

**2. Discussion**

Plaintiff's complaint states claims for (1) violations of his Fifth and Fourteen Amendments, (2) negligence, (3) intentional infliction of emotional distress, and (4) discrimination and retaliation. (#5). Plaintiff asserts that the State Defendants violated his civil rights, and that jurisdiction is invoked by his § 1983 claims. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

Plaintiff's claims against the State Defendants were dismissed on July 2, 2012 (#21), and judgment was entered accordingly on the same day (#22). The only remaining defendant is Gail Hewlett, plaintiff's ex-wife. (#5, #21, and #22). Defendant Hewlett is not a state actor, and plaintiff cannot assert § 1983 claims against her. *See Gibson,* 781 F.2d at 1338; *Monroe*, 365 U.S. 167. The remaining claims against defendant Hewlett are for negligence and intentional infliction of emotional distress. (#5). These are state law claims, and the court's federal jurisdiction is not invoked. 28 U.S.C. § 1331. As the court dismissed "all claims over which it [had] original jurisdiction" (#21), the court should decline to exercise supplemental jurisdiction over plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(c)(3).

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that plaintiff's claims against defendant Hewlett be DISMISSED with prejudice for failure to prosecute and lack of Federal Jurisdiction.

. . .

5

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of August, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

6